68 F.3d 488
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Sharon C. CHAPMAN, Petitioner,
v.
UNITED STATES POSTAL SERVICE, Respondent.
 No. 95-3239.
 United States Court of Appeals, Federal Circuit.
 Oct. 17, 1995.
 
 Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and BRYSON, Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 Sharon C. Chapman petitions for review of the Merit Systems Protection Board's decision upholding her removal from the United States Postal Service. Chapman v. United States Postal Serv., Docket No. DC-0752-94-0443-I-1. We affirm.
 
 BACKGROUND
 
 2
 Petitioner was a Human Resources Specialist with the Postal Service, responsible for hiring qualified individuals for employment with the agency. On May 27, 1993, petitioner's son, Spencer J. Chapman, also known as Jerome, applied for a job with the Postal Service. Petitioner was responsible for processing his application. Before hiring her son, petitioner sought approval pursuant to Postal Service regulations governing the hiring of relatives. Upon obtaining the proper approval, petitioner appointed her son to the position of "casual employee" effective June 15, 1993. A casual employee is a part-time employee who is appointed for a 90-day term, at the end of which the appointment automatically expires.
 
 
 3
 On August 12, 1993, a month before the expiration of his 90-day appointment, petitioner's son gave his manager written notice of his resignation effective September 12, 1993. Despite the date indicated in his resignation notice, however, petitioner's son stopped working on August 21, 1993, and he was formally "processed out" of the agency on September 4, 1993.
 
 
 4
 Three months later, petitioner appointed her son to a position with the Postal Service as a temporary employee. A temporary employee is a full-time employee who serves a 359-day term at an hourly wage significantly higher than that of a casual employee. In order to be appointed as a temporary employee, an applicant must have completed a 90-day term as a casual employee. In making the appointment, petitioner did not follow the Postal Service's procedure for obtaining approval to hire a relative.
 
 
 5
 In January 1994, petitioner transferred her son to a different Postal facility. At about the same time, petitioner processed a request by her son to change his name on Postal Service records from "Spencer J. Chapman" to "Jerome Chapman."
 
 
 6
 The Postal Service subsequently removed petitioner from employment with the agency based on its determination that she had violated several Postal Service regulations, including: (1) hiring her son as a temporary employee, even though he was ineligible for the appointment under the regulations and even though petitioner did not obtain the necessary approval for the appointment; (2) improperly transferring her son to a different facility; and (3) improperly processing a name change for her son.
 
 
 7
 Petitioner filed an appeal with the Merit Systems Protection Board seeking review of the agency's removal decision. Following a hearing, an administrative judge sustained the agency's first and third charges. Although the administrative judge found that the agency had failed to prove the second charge, he nonetheless upheld the agency's removal decision. Chapman filed a petition for review of the initial decision, but the petition was denied. This appeal followed.
 
 DISCUSSION
 
 8
 Petitioner challenges the Board's conclusion that the Postal Service proved the first and third charges against her. She also contends that the Board erred in upholding the penalty of removal.
 
 
 9
 Postal Service regulations provide that if a postal manager's relative is under consideration for appointment or promotion to a position in an installation in which the manager exercises any control, the manager must forward the matter to the next higher authority for approval. Although that requirement plainly applied to the appointment of petitioner's son as a temporary employee--a new appointment at a higher wage--petitioner failed to follow it. Petitioner testified that she was under the impression that, after initial approval was granted for her son's earlier appointment as a casual employee, no further approval was necessary for his subsequent appointment as a temporary employee. The Board, however, did not credit petitioner's testimony on that issue. In particular, the Board found it implausible that petitioner, a Human Resources Specialist responsible for hiring casual and temporary employees, could reasonably believe that the regulation requiring approval before hiring relatives did not apply to each separate appointment to a Postal Service position. Credibility determinations of the Board are "virtually unreviewable," Hambsch v. Department of Treasury, 796 F.2d 430, 436 (Fed.Cir.1986), and the determination in this case falls well within the scope of the Board's fact-finding authority.
 
 
 10
 A second issue under the first charge is whether petitioner's appointment of her son as a temporary employee was improper because he was not qualified for the position. The Postal Service concluded that petitioner's son was not qualified because he did not complete his 90-day casual employee term, which is a prerequisite to appointment as a temporary employee. Petitioner formally terminated her son's casual employee term on September 4, 1993, before the completion of the 90-day period. Her position before the Board was that her son completed the 90-day term, because the effective date of his termination should have been September 12, 1993, the date he wished his resignation to become effective.
 
 
 11
 Petitioner first testified that she thought her son had told her he was leaving the agency on September 4, 1993, but she then testified that she had made a mistake by terminating him on that date. The Board did not find credible petitioner's testimony that she made an error as to the effective date of her son's resignation, because it conflicted with her earlier testimony and her prior admission to an agency official that her son had not completed his 90-day casual employee appointment. In light of the records establishing that petitioner's son was formally terminated as of September 4 and the Board's credibility findings against petitioner, the Board's determination that petitioner violated the agency's regulation governing eligibility for temporary employee appointments must be upheld.
 
 
 12
 The Board also upheld the agency's charge that petitioner improperly processed a name change for her son. Postal Service regulations state that when an employee wishes to be known by a name other than the one appearing on Postal Service records, the request must be supported by appropriate evidence, such as an affidavit, that the use of the name will not be for fraudulent purposes. Because petitioner processed the name change for her son without the requisite supporting documentation, the Board upheld the charge. We find no error in that ruling.
 
 
 13
 We next consider whether the Board was correct in upholding the agency's penalty of removal. Relying on this court's decision in Berube v. General Servs. Admin., 820 F.2d 396 (Fed.Cir.1987), petitioner argues that because one of the three charges against petitioner was not sustained, this court must determine whether the agency would have imposed the same penalty on the basis of the two remaining charges.
 
 
 14
 Unlike this case, in which the employee was removed under 5 U.S.C. Sec. 7513, Berube involved the removal of an employee from the Senior Executive Service (SES) under 5 U.S.C. Sec. 7543. In Berube, this court held that the Board "must determine whether the agency has proved by a preponderance of the evidence that it 'would have' brought the action under section 7543 based upon the sustained charges." Id. at 400. The court, however, specifically distinguished section 7543 removal actions from those under section 7513:
 
 
 15
 When a non-SES employee is removed under section 7513 for misconduct, the Board considers whether the agency has proved the charges. It next considers whether the penalty of removal is appropriate in the sense that the penalty is not arbitrary and capricious or an abuse of discretion and that the penalty is reasonably calculated to promote the efficiency of the service.
 
 
 16
 Id. Because petitioner was removed under section 7513, the special standard applicable to section 7543 is inapplicable here.
 
 
 17
 Using the correct legal standard, the Board properly considered first whether the agency was justified in taking action against Chapman, i.e., whether the action was "for such cause as will promote the efficiency of the service." 5 U.S.C. Sec. 7513(a). Because petitioner's act of nepotism bore directly on her duties as a Human Resources Specialist, it was reasonable for the Board to conclude that there was a sufficient nexus between petitioner's conduct and the efficiency of the service.
 
 
 18
 As to the appropriateness of the penalty selected, this court's review is highly deferential. See Parker v. United States Postal Serv., 819 F.2d 1113, 1116 (Fed.Cir.1987). The parties stipulated that the agency had considered the factors set forth in Douglas v. Veterans Administration, 5 M.S.P.R. 280, 303-06 (1981), before arriving at the decision to remove, and the Postal Service regulations specifically referred to removal as a possible penalty for nepotism. Moreover, as a high level supervisor with specific responsibilities in the area of personnel, petitioner "should have been aware of the seriousness and prohibition against acts of nepotism." Rentz v. United States Postal Serv., 19 M.S.P.R. 35, 39 (1984).
 
 
 19
 In reviewing the severity of the penalty, the Board took into account petitioner's long work record, the absence of any prior disciplinary actions against her, and the fact that only two of the agency's three charges were sustained. Nonetheless, the Board concluded that petitioner's misconduct "went right to the core of her duties as a Human Relations Specialist," that she was on notice of the procedures for hiring relatives, and that she acted intentionally for the direct personal gain of her son. Under these circumstances, we cannot say that the Board's decision upholding the agency's removal of petitioner was arbitrary, capricious, or an abuse of discretion.