**Norman H. HENRY, Petitioner,**

v.

**DEPARTMENT OF JUSTICE, Respondent.**

No. 97–3403.

United States Court of Appeals, Federal Circuit.

Sept. 18, 1998.

---

Leigh Polk Cole, Gravel and Shea, Burlington, VT, argued for petitioner.

Elizabeth M. Hosford, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, DC, argued for respondent. With her on the brief were Frank W. Hunger, Assistant Attorney General, David M. Cohen, Director, and James M. Kinsella, Assistant Director.

Before MAYER, Chief Judge, NEWMAN and CLEVENGER, Circuit Judges.

MAYER, Chief Judge.

Norman H. Henry petitions for review of the Merit Systems Protection Board's final decision, BN–0831–96–0160–I–1, that he untimely applied for a law enforcement officer service credit determination. We reverse and remand.

### Background

Federal employees in many fields may not retire with an annuity until reaching fifty-five years of age and completing thirty years of service or reaching age sixty and completing twenty years of service. *See* 5 U.S.C. § 8336(a), (b) (1994). However, 5 U.S.C. § 8336(c) entitles employees to retire and draw an annuity at age fifty if they have completed twenty years of service as a law enforcement officer. Status as a law enforcement officer for any period depends upon an employee's position or duties. *See* 5 C.F.R. § 831.902 (1997).

An employee may request a determination of whether service qualifies for law enforcement officer retirement credit. But, before January 19, 1988, no regulations prescribed how or when to seek such a determination. *See id.* § 831.901–831.905 (1982). On December 17, 1987, the Office of Personnel Management issued "final regulations .... to improve administration of the [law enforcement officer retirement] program by clarifying the methods and criteria for obtaining coverage under [section 8336(c)]." Retirement; Law Enforcement Officers and Firefighters, 52 Fed.Reg. 47,893 (1987). The regulations, which became effective on January 19, 1988, required an individual to request, no later than September 30, 1989, a determination whether past government service that preceded the request by more than one year

qualified for law enforcement officer credit. *See* 5 C.F.R. § 831.908(e) (1989).

In August of 1982, Henry sent a letter to the Immigration and Naturalization Service (INS), his employing agency. The letter, among other things, listed his past federal positions and ended, "[I]t is respectfully requested that you recommend to the Office of Personnel Management that I be certified for [section 8336(c) ] coverage." In an October 25, 1982 memorandum, an INS personnel employee suggested three options "to present the strongest possible case to the Office of Personnel Management." The memorandum ended: "Without supporting documentation ... the Office of Personnel Management will be unable to act favorably upon your request. Your draft is returned herewith." Henry did not pursue the options before he retired in 1994, after more than thirty-one years with the INS. In March of 1995, Henry sent a letter to the INS seeking law enforcement officer retirement benefits. The Management Division of the Department of Justice denied his request as untimely, and Henry appealed to the Merit Systems Protection Board. The board held that Henry untimely requested a determination.

### Discussion

■ We apply a narrow, statutory standard in reviewing a board decision. *See Hayes v. Department of the Navy*, 727 F.2d 1535, 1537 (Fed.Cir.1984). In particular, we must affirm a decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without adherence to procedures required by law, rule, or regulation; or (3) unsupported by substantial evidence. *See* 5 U.S.C. § 7703(c) (1994).

In part, the board found that Henry's August 1982 letter "can not be considered a request that met the" September 30, 1989, deadline because "[h]e made no effort to tell the agency that [his] claim was still active [and] there would have been no way that the agency would have been aware of the ... letter in 1989 since the letter was returned to the appellant in 1982 without agency or OPM action and the appellant never resubmitted it." The board's finding necessarily relies on the implicit regulatory interpretation that an employee's behavior can render untimely an otherwise timely prior request. We disagree. Simply put, "[r]equests received ... not later than September 30, 1989," were timely. *See* 5 C.F.R. § 831.908(e) (1989). And—more than seven years before that date—the INS received Henry's letter.

■ The government does not argue that the letter did not purport to be a request. After all, the regulations specified neither the form nor the content of a request, *see id.*, and Henry's letter unmistakably set out its purpose: it literally "requested" credit for his past service. Instead, the government focuses on Henry's dormancy after writing the letter. We acknowledge that his inadequate follow-up risked the ultimate denial of law enforcement officer retirement credit, for he bore the burden of demonstrating that his service counts toward section 8336(c)'s twenty year requirement and providing "all pertinent information regarding duties performed." *See id.* § 831.908(a). But Henry's inactivity did not change the date of his 1982 letter. The date mattered paramountly. Consequently, Henry's 1982 letter satisfied the timeliness requirement of section 831.908(e). The government's argument that by his subsequent inactivity he waived his right to obtain a determination of whether he qualifies for law enforcement officer credit was raised for the first time at oral argument and comes too late. *See Sanders v. United States Postal Serv.*, 801 F.2d 1328, 1331–32 (Fed.Cir.1986).

### Conclusion

Accordingly, the decision of the board is reversed and the case is remanded for further proceedings consistent with this opinion.

*REVERSED and REMANDED.*