**Raymond L. MITCHELL, Petitioner,**

v.

**DEPARTMENT OF THE INTERIOR, Respondent.**

No. 01–3203.

United States Court of Appeals,
Federal Circuit.

March 29, 2002.

### ORDER

Before MAYER, Chief Judge, RADER, and PROST, Circuit Judges.

PROST, Circuit Judge.

Raymond L. Mitchell ("Mitchell") petitions for review of the final decision by the Merit Systems Protection Board ("Board" or "MSPB") holding that his claim for firefighter retirement coverage was untimely filed and that he was not prevented by circumstances beyond his control from making a timely request. We *affirm*.

## BACKGROUND

Employees of the federal government are eligible for a special retirement program if they qualify as law enforcement officers or firefighters. *See* 5 U.S.C. § 8336(c) (2000). In particular, federal law enforcement officers and firefighters may receive a full retirement annuity when they reach fifty years of age and complete twenty years of service. *See* 5 U.S.C. § 8336(c)(1). It was not until January 19, 1988, however, that the Office of Personnel Management ("OPM") issued regulations setting forth the method for obtaining retirement credit for law enforcement and firefighter service.

The OPM regulations required firefighters seeking credit for more than one year of prior firefighter service to make their requests by September 30, 1989. *See* 5 C.F.R. § 831.908(e) (1989). The regulations further specified that requests for coverage received after September 30, 1989, would be limited to back service credit for only one year prior to the requesting date unless it can be shown that the employee was prevented from making a timely request by circumstances beyond that employee's control. *Id.*

Between 1966 and 1976, Mitchell was employed by the Bureau of Land Management ("BLM"), an agency within the United States Department of Interior. On April 17, 1977, he assumed a position with the United States Forest Service ("USFS"), an agency within the Department of Agriculture. Upon his arrival at the USFS, Mitchell met with a Personnel Specialist and requested that she enroll him in the firefighter retirement program. *Mitchell v. Dep't of Interior*, SE–0831–00–02120102, at 8 (M.S.P.B. Feb. 12, 2001) ("February 12 Opinion"). The Specialist advised Mitchell that his position with the USFS-the subject of his inquiry and request-did not qualify him for firefighter coverage. *Id.* Mitchell did not pursue the matter any further.

In 1988, Mitchell returned to the BLM where he continued to work until his retirement on January 3, 2001. According to Mitchell, in 1997, while at the BLM, he attended a seminar where he learned that he might be eligible to receive enhanced retirement benefits as a firefighter. On January 16, 1998, Mitchell submitted a re-

quest to the BLM seeking individual service coverage as a firefighter for his periods of service with the BLM: 1966 through 1976 and 1989 through 1998. *Id.* at 2. The BLM denied Mitchell's request for coverage as untimely and he subsequently appealed the decision to the MSPB. *Id.* at 1.

On February 12, 2001, the administrative judge affirmed the BLM's decision. The administrative judge held that Mitchell's January 16, 1998, request for firefighter service retirement credit with the BLM from 1966 through 1976 and 1988 through 1998 was effective only to obtain coverage for one year preceding that request. *Id.* at 13; *see* 5 C.F.R. § 831.906(e). This ruling was based on the administrative judge's conclusion that Mitchell had not shown that he submitted a valid request in 1977, or that he was prevented by circumstances beyond his control from making his request by September 30, 1989, or at anytime before 1998. February 12 Opinion, at 14.

Mitchell did not petition for review to the full Board. Thus, the administrative judge's decision became the final decision of the Board on March 19, 2001. Mitchell filed a timely appeal to this court. We have jurisdiction under 28 U.S.C. § 1295 and 5 U.S.C. § 7703.

## DISCUSSION

The administrative judge's decision must be sustained unless it is found to be: "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. § 7703(c) (2000).

## I

Mitchell argues first that his claim for enhanced annuity retirement credit as a federal firefighter is sufficient to cover all of his prior years of service with the BLM beginning in 1966. He bases that on his view that his 1977 oral request to the USFS Personnel Specialist satisfied the timeliness requirements set forth in 5 C.F.R. § 831.908(e). To support his claim that the administrative judge erred in concluding that his 1977 request was untimely, Mitchell relies on *Henry v. Department of Justice*, 157 F.3d 863 (Fed.Cir.1998), for the proposition that an employee cannot be held responsible for not following certain procedures if, at the time a request was made, there were no regulations prescribing how or when to seek a creditability determination.

We agree with the administrative judge's holding that Mitchell's 1998 request for coverage as a firefighter with the BLM was effective to only obtain coverage for the one year preceding that date. We also agree that the facts in this case are distinguishable from *Henry*. In 1982, the employee in *Henry* sent a letter to his employing agency, the Immigration and Naturalization Service ("INS"), specifically listing his past federal positions and requesting that the INS recommend to the OPM that he be certified for section 8336(c) coverage. *Henry*, 157 F.3d at 865. The INS responded by suggesting three options to enhance his chances to receive a favorable OPM response. *Id.* He did not act on this suggestion, however, until 1995. This court found that Henry's delayed response to the INS did not change the fact that his 1982 request was timely for purposes of satisfying 5 C.F.R. § 831.908(e). *Id.*

■ In marked contrast, Mitchell's 1977 oral request to the USFS's Personal Specialist did not pertain to Mitchell's status

as a firefighter with the BLM, the subject of his current claim. Rather, Mitchell specifically and only asked the Specialist to enroll him in the firefighter program at the USFS. She in turn replied that his position at the USFS did not qualify him for firefighter coverage. In *Henry*, the written request for a creditability determination was made to the INS, the employing agency from which Henry sought credit. Mitchell's oral inquiry in 1977, however, was to the USFS with regard to his position at that agency, whereas his claim is for his service with the BLM from 1966 through 1976 and 1988 through 1998.

## II

■ Mitchell further argues that, even assuming that his 1977 oral request is not valid, his delay in not making a second request until January 16, 1998, is excusable because he did not learn about the September 30, 1989, deadline until he attended a seminar in the summer of 1997. To support his claim that the delay until 1998 was excusable, Mitchell relies on *Elias v. Department of Defense*, 114 F.3d 1164 (Fed.Cir.1997).

The administrative judge held that Mitchell had not shown that circumstances beyond his control precluded him from making a timely request.[1] February 12 court, at 9. The administrative judge found, among other things, that neither Mitchell's lack of knowledge about the September 30, 1989, deadline nor the agency's failure to inform him of a deadline and

the procedures for submitting a request were sufficient factors to constitute circumstances beyond his control from making a timely request.[2] *Id.* at 10. We agree.

The fact that Mitchell did not file his request until 1998 is inexcusable. First, it is well established that lack of knowledge is not a basis to waive the time limit set forth in 5 C.F.R. 831.906(f). *Stearn v. Dep't of Navy*, 280 F.3d 1376, 2002 WL 230568, * 7 (Fed.Cir.2002); *see also Menendez v. Office of Pers. Mgmt.*, 83 M.S.P.R. 582, 585 (1999) ("Ignorance of a regulation itself is not a circumstance beyond the appellant's control which prevented him from making a timely request for LEO coverage.")

Further, Mitchell's reliance on *Elias* is misplaced because the facts in this case are clearly distinguishable from those in *Elias*. In *Elias* the employee retired from the Department of Labor ("DOL") in 1981, seven years before OPM's regulations concerning law enforcement and firefighter retirement were promulgated. *Elias*, 114 F.3d at 1165. At that time, his position at the DOL had not been classified as law enforcement service. *Id.* When similar positions were classified as law enforcement service in 1986, Elias' particular position was not listed because it no longer existed. *Id.* at 1168. Because Elias could not have known he was eligible for credit, this court held that he was prevented by circumstances beyond his control from filing a timely application for law enforcement offi-

---

1. Pursuant to 5 C.F.R. § 831.906(f) "an agency head … may extend the time limit for filing, when, in the judgment of such an agency head or OPM, the individual shows that he or she was prevented by circumstances beyond his or her control from making the request within the time limit."

2. The administrative judge also found that Mitchell was aware of the firefighter retire-

ment system citing Mitchell's letter to his congressional representative, dated April 27, 2000, in which Mitchell states: "In 1991 I transferred out of resource management into fire management. At this time I also had the opportunity to apply for FF Retirement under 'Grandfather Rights.' This was two years after the cutoff date, but still, I didn't want to fight that battle." February 12 Opinion, at 9.

cer credit. *Id.* None of these unusual and exigent factors exist in the present case.

### III

■ Finally, Mitchell argues that the BLM should be equitably estopped from asserting a timeliness bar to his claim because it failed to locate him during its effort to locate all BLM employees who were potentially entitled to enhanced annuity retirement credit as federal firefighters. Equitable estoppel is available against the government if some form of affirmative misconduct is shown in addition to the traditional requirements of estoppel. *Zacharin v. United States,* 213 F.3d 1366, 1371 (Fed.Cir.2000). It is a defense addressed at the trial court's discretion. *A.C. Aukerman Co. v. R.I. Chaides Constr. Co.,* 960 F.2d 1020, 1041 (Fed.Cir.1992) (en banc). Although the BLM undertook a policy to notify employees who were potentially entitled to enhanced annuity retirement credit as firefighters, it had no obligation to do so. Thus, we hold that the administrative judge did not abuse its discretion in rejecting Mitchell's claim of equitable estoppel.

For the foregoing reasons, the final decision of the Board is affirmed.

MAYER, Chief Judge, dissenting.

MAYER, Chief Judge.

Because I believe the written request in *Henry v. Dep't of Justice,* 157 F.3d 863 (Fed.Cir.1998), is no different than the oral request we have here, I respectfully dissent. At the time of Mitchell's request there were no implementing regulations and no guidelines that dictated it had to be in writing. The fact that the request was made to the United States Forest Service rather than to the Bureau of Land Management also is not dispositive because regardless of whom the request was made

to, in the end the determination would have been made by the Office of Personnel Management. A request was made, therefore I would follow *Henry* and allow Mitchell the opportunity to prove that he qualified for the enhanced annuity.