Joseph E. CANOLES, Petitioner,

v.

**DEPARTMENT OF THE AIR FORCE, Respondent.**

No. 01-3240.

United States Court of Appeals, Federal Circuit.

DECIDED: April 11, 2002.

Before MICHEL, DYK, and PROST, Circuit Judges.

Opinion for the court filed by Circuit Judge PROST.

Dissenting opinion filed by Circuit Judge MICHEL.

PROST, Circuit Judge.

Joseph E. Canoles ("Canoles") petitions for review of the final decision of the Merit Systems Protection Board ("Board") that he untimely filed for firefighter retirement coverage and that he was not prevented by circumstances beyond his control from

making a timely request. We *reverse* and *remand.*

## BACKGROUND

Employees of the federal government are eligible for a special retirement program if they qualify as law enforcement officers or firefighters. *See* 5 U.S.C. § 8336(c) (2000). In particular, federal law enforcement officers and firefighters may receive a full retirement annuity when they reach fifty years of age and complete twenty years of service. *See* 5 U.S.C. § 8336(c)(1). Status as a firefighter is determined by an employee's position or duties. 5 C.F.R. § 831.902 (1997). It was not until January 19, 1988, however, that the Office of Personnel Management ("OPM") issued regulations setting forth the method for obtaining retirement credit for law enforcement and firefighter service.

From August 1, 1967, until Canoles retired on August 24, 1990, he was employed by the Department of Air Force ("Air Force"). *Canoles v. Dep't Air Force,* 0831–00–0446–I–1, at 1 ("Final Decision"). Prior to May 21, 1990, the Air Force requested the OPM determine if Canoles was entitled to service credit as a firefighter under § 8336(c). *Id.* at 2. On May 21, 1990, the OPM found that Canoles was not entitled to such credit. *Id.* Canoles timely requested reconsideration, and on July 2, 1992, the OPM again denied Canoles service credit as a firefighter.[1] *Id.* Canoles appealed the OPM's decision to the Board.

In a decision dated October 16, 1997, the administrative judge found that the Board did not have jurisdiction over the OPM's reconsideration decision. *Canoles v. Office of Pers. Mgmt.,* AT–0831–97–0581–I–1 (MSPB October 16, 1997) ("Initial Decision"). In particular, the administrative judge held that 5 C.F.R. § 831.910 does not grant the Board jurisdiction over an agency initiated determination regarding firefighter retirement service credit. *Id.* at 3. The administrative judge, however, informed Canoles that 5 C.F.R. § 831.906 provides a procedure for an individual to request a determination regarding such service credit. *Id.* Specifically, she noted, "I find nothing in those regulations to divest the appellant of his right to avail himself of those procedures, including the right to present evidence at the initiation of the process, merely because the agency has initiated a determination from the OPM." Initial decision at 9. Following the administrative judge's suggestion, on March 4, 1999, Canoles requested firefighter service credit from the Air Force for his years of service from 1967 through 1990. Final Decision at 3. On February 25, 2000, the Air Force denied Canoles' request because it was not timely. Canoles appealed the decision to the Board.

On March 12, 2001, the administrative judge affirmed the Air Force's decision. The administrative judge found that (1) Canoles had not made a request for service credit under 5 U.S.C. § 8336(c) in late 1989 or early 1990; (2) Canoles' May 21, 1990, request to the OPM for reconsideration was not a valid request for service under 5 C.F.R. § 831.906; and (3) Canoles had not shown that he was prevented by circumstances beyond his control from making a timely request.[2] The administrative judge's decision became final on

---

1. Although the decision was issued on July 2, 1992, Canoles did not appeal until 1997. Canoles maintains that he did not receive the decision until 1997. The issue of whether he made a timely appeal in 1997 is not before us.

2. The administrative judge denied Canoles' request for a hearing because she concluded that there was no factual dispute regarding the timeliness issue. Final Decision at 2.

April 16, 2001, and Canoles filed a timely appeal to this court. We have jurisdiction under 28 U.S.C. § 1295 and 5 U.S.C. § 7703.

## DISCUSSION

The Board's decision must be sustained unless it is found to be "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence." 5 U.S.C. 7703(c) (2000). The substantial evidence standard requires this court to determine whether a reasonable person might be able to conclude that the evidentiary record supports the Board's decision. *On–Line Careline v. Am. Online, Inc.*, 229 F.3d at 1080, 1085, 56 USPQ2d at 1471, 1475 (Fed.Cir.2000).

 This case does not involve whether Canoles qualifies for firefighter service credit for positions he held from 1967 until his retirement in 1990, but rather only whether he is time barred from seeking review of whether his service in fact qualified. It appears it was the administrative judge's view that if Canoles initiated his request to the agency within one-year of her 1997 decision, that request would not be time-barred as to a determination of whether his years of service between 1967–1990 qualified for firefighter service.[3]

Thus, the specific issue before this court is whether the fact that Canoles took 15 rather than 12 months to initiate his action following the 1997 decision bars review.

 According to 5 C.F.R. § 831.906(f) an agency head or the OPM may extend the time limit for filing if an individual shows that he or she was prevented by circumstances beyond his or her control from making the request within the time limit. The circumstances in this particular case support such an outcome. In 1997, when the administrative judge issued her decision, she informed Canoles that 5 C.F.R. § 831.906 provided a procedure for Canoles to request a determination regarding service credit. Based on the regulation Canoles, in order to file a new request, was required to compile information regarding positions he had held decades earlier on military bases long since closed. This decision was based on an appeal to the OPM by Canoles dating back to 1990. Thus, we conclude that, under the particular circumstances in this case, Canoles' 1999 request to his agency head is not time barred.[4] *Elias v. Dep't of Defense*, 114 F.3d 1164 (Fed.Cir.1997).

For the foregoing reasons we reverse the administrative judge's decision and remand for a determination of whether Canoles' service or duties with the Air Force

---

**3.** In fact, the government, at oral argument, appears to agree with this view.

**4.** The government argues, and the dissent agrees, that the appellant was required to file a new claim within twelve months of the 1997 dismissal by the MSPB. There was no such time limit. The only existing time limit required appellant to make his initial filing within twelve months of retirement. The Air Force did so on his behalf when it requested that OPM make a service credibility determination. 5 C.F.R. § 831.905 (1989). That satisfied the original statutory time limit. *Henry*

*v. Dep't of Justice*, 157 F.3d 863, 865 (Fed.Cir. 1998). To be sure, appellant could properly be required to continue to pursue his claim, as he did until the 1997 dismissal. But he received no notice from the government, until this proceeding commenced fifteen months later, that the government believe he was obligated to refile thereafter within twelve months of the (improper) 1997 dismissal for lack of jurisdiction by the Board. The Defense Department's refusal to receive appellant's 1999 filing was an abuse of discretion under the circumstances of this case.

qualified for firefighter service retirement credit.

MICHEL, Circuit Judge, dissenting.

In her March 2001 decision, the Administrative Judge found that petitioner was aware of the regulations requiring him to file a request with the agency at least as early as his receipt of her previous, 1997, decision, and therefore that his failure to timely do so was fatal because he "was not prevented by circumstances beyond his control from requesting service credit in a timely manner." We may set aside this determination only if it is unsupported by substantial evidence. 5 U.S.C. § 7703(c).

The majority holds, however, that petitioner's 1999 request to the Air Force for service credit—15 months after he became aware of a 12-month time limit—is nevertheless not time-barred because of the onerous burden on Canoles to collect evidence to support his claim: "[I]n order to file a new request, [Canoles] was required to compile information regarding positions he had held decades earlier on military bases long since closed." But the burden on Canoles, irrespective of how great it may have been initially, was not nearly so onerous *after* the 1997 ruling as the majority supposes—and that plainly is the relevant time period to which § 831.906(f) applies. *See, e.g., Davis v. Dep't of Defense,* 82 M.S.P.R. 347 at ¶¶ 7–9, 1999 MSPB LEXIS 709 at **6–8 (1999).

The majority's suggestion in a footnote that there was no time limit in 1997 is unpersuasive, in view of (1) its acknowledgement of "the administrative judge's view that if Canoles initiated his requested to the agency within one-year of her 1997 decision, that request would not be time-barred," and (2) its announcement that *"the specific issue before this court is whether the fact that Canoles took 15 months rather than 12 months to initiate his action following the 1997 decision bars review."* (emphasis added). Moreover, the majority's citation to *Henry v. Dep't of Justice,* 157 F.3d 863 (Fed.Cir.1998) is unavailing because the initial request for service credit in that case was, in fact, timely. *Id.* at 865 ("The Board's finding necessarily relies on the implicit regulatory interpretation that an employee's behavior *can render untimely an otherwise timely prior request.* We disagree.") (emphasis added). Here, by contrast, the majority implicitly acknowledges that the 1990 request was untimely; otherwise, it would have no occasion to determine that "[t]he circumstances in this particular case support" its conclusion that Canoles "was prevented by circumstances beyond his control from making the request within the time limit." *Contra* 5 C.F.R. § 831.906(f) ("An agency head ... or OPM ... may *extend the time for filing* when ... the individual shows that he or she was prevented by circumstances beyond his or her control from making the request *within the time limit.*") (emphasis added).

In light of petitioner's resignation in August 1990, little (if any) creditable service time could have accrued between the 1990 OPM decision and the 1997 Board decision that would make collection of "information regarding positions he held" unduly onerous. Indeed, petitioner submitted an affidavit to the Board in July 2000 suggesting that much of the "information" already had been submitted to OPM: "I had previously provided the Office of Personnel Management with the statement of Dennis M. Cassidy, dated August 23, 1990, *in support of my 1990 request for the benefit at issue.* Effectively, the March 4, 1999 submission made on my behalf *served to supplement my timely 1990 request."* (emphases added) Petitioner offers no explanation—and the majority divines none—why he could gather his evidence in 15 months, but

could not do so in the 12 months allotted by the regulations.

It is true that we are uncertain about the substance of the 1990 statement referred to in the affidavit, for it was not made part of the record on appeal. But in any event, petitioner was on notice that he needed to demonstrate entitlement to the service credit he sought—which would require that he provide "information regarding positions he had held decades earlier on military bases long since closed"—as early as June 1990. J.A. at 28 ("Your request [for reconsideration to OPM] is considered timely filed and, as I advised you in our telephone conversation of June 14, 1990, you have been granted an extension of 90 days *to gather evidence you believe will support your claim for credit* under 5 USC 8336(c).")(emphasis added).

Furthermore, petitioner had the opportunity to present to the Board any evidence that he was prevented by circumstances beyond his control from making a timely request; but he did not, instead arguing only that the "one-year rule" was inapplicable. J.A. at 6 ("In response to the inquiry of whether the appellant was prevented by circumstances beyond his control from making the request within the time limit, the appellant states that given that he requested service credit in 1989, his efforts to receive firefighter service credit are covered by the 1987 version of [the regulations] and he is, therefore, not limited by the one-year rule."). Despite this failure of proof, and in the face of petitioner's admission that in 1990 he submitted evidence supporting his claim for service credit under § 8336(c), the majority reverses the Board's dismissal for untimeliness and remands the case for a determination on the merits whether Canoles' service through 1990 qualified for firefighter service retirement credit. The majority reaches this result without ex-

plaining (much less citing in the record) exactly what additional "information" was necessary that was not already submitted in 1990 or why the rest was so difficult to obtain within one year; nor does it offer so much as a single sentence discussing why the Board decision is not supported by substantial evidence.

The agency rejected petitioner's request as untimely, but it apparently made no determination regarding whether petitioner was prevented by circumstances beyond his control from timely filing. The Board conducts *de novo* review of this determination; we do not. *Elias v. Dep't of Defense,* 114 F.3d 1164, 1167 (Fed.Cir.1997). In this case, the Board found he was not so prevented. Because, to my eyes, the evidence plainly compels this result, I cannot conclude that the evidence supporting the Board's decision was less than substantial. Nor has the majority explained how it is. Instead, the majority seems to assume excusable delay, as if we are the fact-finder. Therefore, I must respectfully dissent.