MAYER, Circuit Judge,
dissenting.
Because the Merit Systems Protection Board misinterpreted 5 C.F.R. § 831.908(e) (1988) and conflated “request” with “application,” I dissent.
Section 831.908(e) states that “[r]equests [for enhanced retirement benefits] received ... not later than September 30, 1989, may include any periods of previous service.” The board interpreted this regulation as requiring requests be in the form of a formal writing. Lengerich asserts that such requests may be made orally, but agrees with the board that enhanced retirement benefit applications must be in writing.
Despite the fact that the request in Henry v. Dept. of Justice, 157 F.3d 863 (Fed.Cir.1998), was written, not oral, Henry makes it clear that a “request” and an “application” are two different things, and that it is the timing of the request that is relevant in determining whether a claim is *1375 timely. Henry further states that section 831.908(e) specifies neither the form nor the content of a proper request. Given that the regulation requires nothing more than a “request” before September 30, 1989, and that a request and an application are distinct, an oral request is sufficient to satisfy the regulation. Because the board incorrectly interpreted 5 C.F.R. § 831.908(e), and because it conflated “request” with “application,” the record is not sufficiently developed to determine whether Lengerich’s discussions with Mitchell were requests for, or merely discussions about, her enhanced retirement eligibility. Therefore, I would vacate the board’s decision and remand.